Docket No. 24-2494

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

BRENDAN PEACOCK,

Appellant/Plaintiff,

v.

PABST BREWING COMPANY,
LLC,

Appellees/Defendant.

## INITIAL BRIEF OF PLAINTIFF/APPELLANT

Cullin O'Brien, Esq.
Cullin O'Brien Law, P.A.
6541 NE 21st Way
Ft. Lauderdale, FL 33308
cullin@cullinobrienlaw.com
Tel:   (561) 676-6370
Fax:   (561) 320-0285

Jared H. Beck, Esq.
Elizabeth Lee Beck, Esq.
Beck & Lee Trial Lawyers
8306 Mills Dr., #248
Miami, FL 33183
jared@beckandlee.com
elizabeth@beckandlee.com
Tel:   (305) 234-2060
Fax:   (786) 664-3334

Counsel for Appellant/Plaintiff

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

To the best of undersigned's knowledge, the following is a complete list of the trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have or may have an interest in the outcome of this case, including subsidiaries, conglomerates, affiliates, and parent corporations, including any publicly held company that owns 10% or more of the party's stock, and other identifiable legal entities related to a party.

1.  Beck & Lee Trial Lawyers, trial and appellate counsel for Plaintiff/Appellant.

2.  Brendan Peacock, Plaintiff/Appellant.  Mr. Peacock is an individual.

3.  Cullin Avram O'Brien, trial and appellate counsel for Plaintiff/Appellant.

4.  Cullin O'Brien Law, P.A., trial and appellate counsel for Plaintiff/Appellant.

5.  Elizabeth Lee Beck, trial and appellate counsel for Plaintiff/Appellant.

6.  Jared H. Beck, trial and appellate counsel for Plaintiff/Appellant.

7.  Mark T. Cramer, counsel for Defendant/Appellee.

8.  Oren Bitan, counsel for Defendant/Appellee.

9.  Pabst Brewing Company, LLC, Defendant/Appellee.

10.      United States Magistrate Judge Carolyn K. Delaney.

11.      United States District Judge Daniel J. Calabretta.

12.      United States District Judge District Judge Troy L. Nunley.

<u>**STATEMENT REGARDING ORAL ARGUMENT**</u>

Plaintiff-Appellant, Brendan Peacock ("Peacock" or "Plaintiff") respectfully seeks oral argument in this appeal against Defendant-Appellee Pabst Brewing Company, LLC ("Pabst" or "Defendant").

This case raises critically important issues for consumer protection class actions.

Peacock's lawsuit accomplished exactly what consumer protection lawsuits are supposed to accomplish – here, removing a deceptively advertised beer from the market. However, the fact that the falsely advertised beer was taken off the shelves was used by the District Court as a basis to deny class certification. The District Court reasoned that the relief in the lawsuit was somehow moot and deprives Peacock of standing to seek classwide injunctive relief.

The District Court's holding cannot be squared with longstanding Ninth Circuit precedent, which holds that "voluntary cessation of allegedly illegal conduct does not deprive a court of the power to grant injunctive relief." *Enrico's, Inc. v. Rice*, 730 F.2d 1250, 1253 (9th Cir. 1984).

Oral argument will assist this Court in deciding fundamental issues for consumer protection class actions.

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT ...............................................................i

STATEMENT REGARDING ORAL ARGUMENT ................................... iii

I.     STATEMENT OF JURISDICTION ...................................................1

II.    STATEMENT OF THE ISSUES ......................................................1

III.   STATEMENT OF THE CASE ..........................................................2

     A.     Course of the Proceedings and Disposition in the Court Below...........2

     B.     Statement of Facts ...............................................................3

     C.     Standard of Review ..............................................................8

IV.   SUMMARY OF THE ARGUMENT ..................................................9

V.     ARGUMENT AND CITATIONS OF AUTHORITY ....................................9

     A.     The District Court Abused its Discretion in Denying Class Certification Based on the Purported Mootness of Pabst Stopping the Sales of its Falsely Advertised Beer During the Litigation .............................................................................9

     B.     There Is a Disputed Issue of Fact as to Whether Reasonable Consumers Were Deceived by the Olympia Beer Advertising ..........12

     C.     Peacock Does Not Lack Remedies Under the UCL ............................13

VI.   CONCLUSION...........................................................................15

CERTIFICATE OF COMPLIANCE..........................................................16

CERTIFICATE OF SERVICE ................................................................16

# TABLE OF CITATIONS

**Cases**                                                          **Page**

*Aerojet Rocketdyne, Inc. v. Global Aerospace, Inc*., No. 2:17-cv-01515-KJM-AC, 2020 WL 3893395, at *1 (E.D. Cal. July 10, 2020) .................... 14

*Allee v. Medrano*, 416 U.S. 802, 94 S.Ct. 2191, 40 L.Ed.2d 566 (1974) .......... 10, 11

*Animal Legal Def. Fund v. United States FDA*, 836 F.3d 987 (9th Cir. 2016). ...................................................................................................... 1

*Apple v. Samsung Elec. Co.*, 909 F. Supp. 2d 1147(N.D. Cal. 2012) .................... 11

*Bruton v. Gerber Prods. Co.*, No 12-CV-02412-LHK, 2018 WL 1009257, at *1 (N.D. Cal. Feb. 13, 2018) ............................................... 10-12

*Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017 (9th Cir. 2008) ...................... 14

*Ebner v. Fresh, Inc.*, 838 F.3d 958 (9th Cir. 2016) ................................................. 13

*Enrico's, Inc. v. Rice*, 730 F.2d 1250 (9th Cir. 1984) ....................................... iii, 10

*Freeman v. Time, Inc.*, 68 F.3d 285 (9th Cir. 1995) ............................................... 13

*Gilbert v. MoneyMutual, LLC*, Case No. 13-cv-01171-JSW, 2015 WL 12953231, at *1 (N.D. Cal. Aug. 24, 2015) ............................................... 14

*In re Google, Inc. Privacy Policy Litig.*, Case No. C-12-01382-PSG, 2013 WL 6248499, at *1 (N.D. Cal. Dec. 13, 2013) ................................... 15

*Johnson v. General Mills, Inc*., No. SACV 10–00061–CJC(ANx), 2013 WL 3213832, at *1 (C.D. Cal. June 17, 2013) ................................................. 8

*Lorenzo v. MillerCoors, LLC*, 702 Fed. Appx. 917 (11th Cir. July 31, 2017) ..................................................................................................... 8

*Peacock v. Pabst Brewing Co., LLC*, 491 F. Supp. 3d 713 (E.D. Cal. 2020) ................................................................................................... 3,4

**Page**

*Peacock v. The 21st Amendment Brewery Cafe, LLC*, No. 17-cv-01918-JST, 2018 U.S. Dist. LEXIS 7537, at \*1 (N.D. Cal. Jan. 17, 2018) ..............8

*Trew v. Volvo Cars of N. Am., LLC*, Case No. CIV-S-051379-DFLPAN, 2006 WL 306904, at \*1 (E.D. Cal. Feb. 8, 2006) ........................................14

*U.S. v. Estate Preservation Servs.*, 38 F. Supp. 2d 846 (E.D. Cal. 1998) ..............11

*United States v. W.T. Grant Co.*, 345 U.S. 629, 73 S.Ct. 894, 97 L.Ed. 1303 (1953) ............................................................................................10, 11

*Yokoyama v. Midland Nat'l Life Ins. Co.*, 594 F.3d 1087, 1090 (9th Cir. 2010) ................................................................................................9

## CONSTITUTION, STATUTES, RULES AND REGULATIONS

28 U.S.C. § 1332(d) ................................................................................1

28 U.S.C. §1291 .....................................................................................1

Cal. Bus & Prof. Code § 17200…………..…………………………….*passim*

## I.  STATEMENT OF JURISDICTION

This is a putative class action regarding the false advertising of Olympia beer. (ER-30-44). This Court has jurisdiction court under 28 U.S.C. § 1332(d). (ER-31, ¶4).  This Court has jurisdiction of this appeal of the district Court's order granting final judgment, (ER-165), in favor of Pabst under 28 U.S.C. §1291.

## II.  STATEMENT OF THE ISSUES

Olympia beer was created two centuries ago near Olympia, Washington. (ER-32, ¶8). In 1906, Olympia beer was advertised with the slogan, "It's the Water," to tell consumers that the water used to brew the beer comes directly from the artesian springs next to the brewery near Olympia, Washington. (ER-32, ¶8). That advertising campaign and other slogans regarding the source of the water used to brew Olympia beer remained for over 100 years. (ER-32-38, ¶¶8-30).

On July 7, 2017, Peacock discovered that the Olympia beer advertising was false, wherein Pabst wrote Peacock an email stating, the beer "is not currently brewed using water from the Olympia area of Washington State." (ER-44). Peacock then filed a putative class action seeking relief under California's Unfair Competition Law ("UCL"), Cal. Bus & Prof. Code § 17200, arising out of Pabst's false advertising of the water used to brew Olympia beer. (ER-3-15).

After Peacock filed this lawsuit, Pabst changed its advertising in a manner that

tracks the precise injunctive relief sought by Peacock by eliminating the phrase "It's the Water" from certain of its marketing. (ER-95-98, (Defendant's Depo. at 48:24-51:19)).

Then after eliminating the phrase "It's the Water," Pabst has now entirely removed its falsely advertised products from the market: "We have stopped production of the beer." (ER-84, (Defendant's Depo. at 19:13-16)).

Thus, Peacock's lawsuit accomplished exactly what consumer protection lawsuits are supposed to accomplish – in this case, removing from the market a deceptive business practice feeding off of a century-long history.

The issues in this appeal are: (a) whether the District Court should have granted Peacock's motion for class certification; and, (b) whether the District Court should have denied Pabst's motion for summary judgment.

## III.  STATEMENT OF THE CASE

### A.  Course of the Proceedings and Disposition in the Court Below

 Peacock filed a putative class action under the UCL regarding the false advertising of Olympia beer. (ER-30-44).

The District Court denied Pabst's motion to dismiss holding, *inter alia*, that Peacock "plausibly alleges a reasonable consumer would likely be deceived by the Olympia Beer labeling into believing Olympia Beer is brewed with water from the

Olympia area of Washington State." *Peacock v. Pabst Brewing Co., LLC*, 491 F. Supp. 3d 713, 721 (E.D. Cal. 2020).

The District Court denied Peacock's subsequent motion for class certification, holding, "Plaintiff lacks the real and immediate threat of repeated injury to establish standing because Defendant's Olympia Beer has been discontinued and the misleading slogan officially removed in accordance with the Tax and Trade Bureau." (ER-149).

Pabst then moved for summary judgment, which the District Court granted, holding, "Plaintiff has failed to present any evidence from which this Court can find that a reasonable consumer is likely to be deceived by Defendant's marketing of Olympia Beer." (ER-157).

Peacock timely appealed the District Court's final judgment. (ER-165-191).

### B. Statement of Facts

Peacock purchased the Olympia beer product in California. (ER-124-127, (Plaintiff Depo. at 100:22-101:4, 109:13-110:3)).

In deposition, when presented with a map of the United States of America, Pabst was unable to specifically declare in which states Olympia beer was not sold. (ER-85, (Defendant's Depo. at 22:8-21)).  "Defendant does not dispute that there are more than thirty individual purchasers of Olympia beer during the class period." (ER-111-112, (Defendant's Answer to Request for Admission #13)).

Every time, Peacock purchased the same product: Olympia beer – which Pabst admitted in its deposition appears to all members of the public the same way. (ER-81-82, (Defendant's Depo. at 7:6-8:18 (citing ER-20))); (ER-82, ER-86, (Defendant's Depo. at 8:20-9:9, 32:5-13 (citing ER-35))); (ER-83, (Defendant's Depo. at 9:22-25)); (ER-87, (Defendant's Depo. at 34:3-9 (citing ER-23))); (ER-87, (Defendant's Depo. at 34:16-23 (citing ER-19))); (ER-88, (Defendant's Depo. at 38:19-25)).

The District Court previously noted, *inter alia*, that: "Plaintiff alleges the product name 'The Original Olympia Beer' coupled with the slogan 'It's the Water' and an image of a cascading waterfall (a reference to the site of the original brewery) creates the impression that Olympia beer is brewed with water from the Olympia area of Washington." *Peacock v. Pabst Brewing Co.*, 491 F. Supp. 3d at 717.

The District Court also noted that there was a "misleading slogan." (ER-149).


[Remainder of Page Left Blank Intentionally]

The Olympia beer, including as reflected on the product packaging, appears as follows:



(ER-19-23, ER-34).

Pabst wanted the store shopper's eyes to see "Packaging and a price." (ER-99, (Defendant's Depo. at 53:8-12)). Pabst wanted the packaging to differentiate the Olympia beer from the other brands competing for the store shopper's eyes as follows:

> Q. How did Pabst want the shopper to distinguish Olympia Beer from those other brands?
> MR. BITAN: Vague and ambiguous
> THE WITNESS: ***By purely packaging***, since the price should be similar in that category. It would be more of a marketing perspective of

it being a little bit more an outdoors niche.

(ER-99-100, (Defendant's Depo. at 53:21-54:2 (emphasis added))).

The phrase, "It's the Water" has been on the cans of Olympia beer "[f]or as long as the brand has existed." (ER-89, (Defendant's Depo. at 39:17-21)).  The phrase conveys to consumers an "historical reference to the brand." (ER-90, (Defendant's Depo. at 40:8-23)).  The phrase, "It's the Water," is a "slogan from the company since its founding." (ER-91, (Defendant's Depo. at 41:12-17)).  "It's referring to where the beer used to be brewed, and the water source that was near its brewery." (ER-101, (Defendant's Depo. at 57:20-23)). Pabst admitted that the water used to brew the Olympia beer came exclusively from where the Olympia brewery was originally located. (ER-92, (Defendant's Depo. at 42:3-16)). The cans of beer also contain the phrase "The Original" and a waterfall graphic. (ER-16-29). Pabst admits that "the entire can can be a marking message." (ER-102, (Defendant's Depo. at 64:2-8)). Pabst's witness admits that the waterfalls on the cans did not give the impression of literally swimming in the waterfalls.  (ER-102, (Defendant's Depo. at 64:4-16)).  Peacock instead alleges that the waterfalls depict a source of the water used to brew the beer in the cans, the original Olympia beer brewery in Olympia, Washington. (ER-131, (Plaintiff's Depo. at 179:15-20)).

Pabst admits that the beer "is not currently brewed using water from the Olympia area of Washington State." (ER-47, at lines 3-4).  Pabst is unaware of any

formal statement to the public at large that the water used to brew the Olympia brand beer does not exclusively come from the Olympia area of Washington State. (ER-93, (Defendant's Depo. at 44:13-45:19)).

Thus, Peacock alleges that Pabst deceived him through the phrase "It's the Water" and other advertising by falsely creating the impression in the minds of its consumers that its Olympia beer products are exclusively brewed using artesian water in Washington.

Peacock is suing Pabst because the Olympia beer product "is falsely marketed" regarding the source of the water used to brew its beer. (ER-117-118, (Plaintiff's Depo. at 45:4-46:5)). Peacock learned about Olympia beer decades ago and understood that the Olympia beer "was brewed from a natural spring" in the Olympia area of Washington state. (ER-121-123, (Plaintiff's Depo. at 94:9-96:10)). Peacock purchased Olympia beer from Total Wine, Bevmo!, Raley's, Safeway and Grocery Outlet. (ER-124-125, (Plaintiff Depo. at 100:22-101:4)). Peacock has purchased Olympia beer roughly 200 times over the past two decades. (ER-126, (Plaintiff Depo. at 109:13-110:3)).

After Peacock's purchases, Peacock emailed Pabst about the source of the water used to brew Olympia beer was informed by a consumer relations representative that the water was from "Irwindale, California." (ER-128, (Plaintiff's Depo. at 168:2-18)). Peacock sued Pabst because he does not "think a company

should benefit from falsely advertising a product." (ER-129, (Plaintiff's Depo. at 169:10-14)). Peacock does not believe that companies should profit from false marketing." (ER-120, (Plaintiff's Depo. at 69:18-24)). Peacock intends to purchase Olympia beer in the future if and only if the false advertising is corrected. (ER-130, (Plaintiff's Depo. at 173:10-15)).

Peacocks' counsel have extensive experience as class counsel in other cases. *See*, *e.g.*, *Johnson v. General Mills, Inc.*, No. SACV 10–00061–CJC(ANx), 2013 WL 3213832, at *4 (C.D. Cal. June 17, 2013) (undersigned was "class counsel," characterized as "experienced" and being "well-equipped to evaluate the settlement"); *see also* (ER-132-141). Peacock's counsel also have experience in false beer labelling cases. *See*, *e.g.*, *Peacock v. The 21st Amendment Brewery Café, LLC*, No. 17-cv-01918-JST, 2018 WL 452153, at *5 (N.D. Cal. Jan. 17, 2018) ("[I]t would be reasonable for a consumer looking at 21st Amendment's carton map to believe that its beer was brewed in California."); *Lorenzo v. MillerCoors, LLC*, 702 Fed. Appx. 917, 918-919 (11th Cir. July 31, 2017) ("Mr. Lorenzo says he purchased Coors Light beer at a premium price because he believed that it was brewed exclusively in the Rocky Mountains and made with Rocky Mountain spring water.").

## C. Standard of Review

The standard of review for class certification on appeal is abuse of discretion. *Yokoyama v. Midland Nat'l Life Ins. Co.*, 594 F.3d 1087, 1090 (9th Cir. 2010).

- 8 -

This Court reviews the District Court's order granting summary judgment *de novo*. *Animal Legal Def. Fund v. United States FDA*, 836 F.3d 987, 988 (9th Cir. 2016).

## IV.   SUMMARY OF THE ARGUMENT

The District Court denied class certification based on purported mootness, in that after Peacock filed this lawsuit, Pabst discontinued the Olympia beer. However, taking a falsely advertised product off the market during the middle of a case should not be a viable tactic for avoiding class certification. Because Pabst remains free to sell and deceptively advertise the Olympia brand at any time, the controversy is not moot.

Especially since there is a non-jury trial, Peacock's personal experience with the deceptive advertising, Pabst's own advertising, and Pabst's testimony regarding created a genuine dispute as to whether a "reasonable consumer" would be deceived by Pabst's marketing campaign.

## V.   ARGUMENT AND CITATIONS OF AUTHORITY

### A.   The District Court Abused its Discretion in Denying Class Certification Based on the Purported Mootness of Pabst Stopping the Sales of its Falsely Advertised Beer During the Litigation

This lawsuit achieved its primary purpose, which was to curtail a blatant and longstanding deceptive practice by a major beer manufacturer.  In response to the

District Court's order denying Pabst's motion to dismiss, Pabst changed its advertising to track the injunctive relief sought by Peacock, before removing the 125-year-old brand from the market entirely. Now, as a function of Peacock's success, Peacock was denied class certification based on alleged mootness.

The District Court abused its discretion. The District Court's finding that Peacock can no longer obtain an injunction because Pabst ceased the unlawful practice in the middle of the litigation is legally unsound.

In making this finding, the District Court relied entirely on a single, unpublished Northern District of California opinion, *Bruton v. Gerber Prods. Co.*, No 12-CV-02412-LHK, 2018 WL 1009257 (N.D. Cal. Feb. 13, 2018). However, *Bruton* cannot be squared with longstanding Ninth Circuit precedent. *See Enrico's, Inc. v. Rice*, 730 F.2d 1250, 1253 (9th Cir. 1984) ("We recognize that the voluntary cessation of allegedly illegal conduct does not deprive a court of the power to grant injunctive relief." (citing *United States v. W.T. Grant Co.,* 345 U.S. 629, 632–33, 73 S.Ct. 894, 897–98, 97 L.Ed. 1303 (1953)). Nor can it be reconciled with published authority from the Eastern and Northern District Courts California. *See U.S. v. Estate Preservation Servs.*, 38 F. Supp. 2d 846, 857 (E.D. Cal. 1998) ("the cessation of wrongful activity does not alleviate the necessity for an injunction because the defendant is free to return to unlawful behavior" (citing *W.T. Grant Co.*, 345 U.S. at 632)); *see also Apple v. Samsung Elec. Co.*, 909 F. Supp. 2d 1147, 1153 (N.D. Cal.

2012) ("But the law on this point is clear: a defendant's voluntary cessation of illegal behavior does not moot a request for an injunction. *See Allee v. Medrano,* 416 U.S. 802, 810–11, 94 S.Ct. 2191, 40 L.Ed.2d 566 (1974). The fact that Samsung may have stopped selling infringing products for now says nothing about what Samsung may choose to do in the future. Absent an injunction, Samsung could begin again to sell infringing products, further exposing Apple to the harms identified above." (footnote omitted)); *affirmed in part, vacated in part on other grounds by* 735 F.3d 1352 (Fed. Cir. 2013).

Nothing in *Bruton* or the District Court's reliance on *Bruton* explains how finding Pabst's cessation of the precise illegal conduct complained of moots Peacock's claim for injunctive relief can be consistent with the well-established principle that a District Court retains jurisdiction to enjoin a defendant from returning to the illegal conduct. This principle – which the District Court's order denying class certification does nothing to refute[1] – is especially applicable here, where Pabst admits to retaining ownership of the Olympia brand and relevant

---

[1]    *Bruton* states only that if the defendant recommended the objectionable conduct, the plaintiff **may** have standing to bring a suit a second time under the "capable of repetition, yet evading review" exception to mootness. *Bruton*, 2018 WL 1009257, \*7. This seems a rather odd way to enforce consumer protection laws – to grant a defendant an automatic mulligan for illegal conduct – and has no support in the case law.

intellectual property. *See* (ER-143-144, ¶¶ 4-5). Because Pabst remains free to sell and deceptively advertise the Olympia brand at any time, the controversy is not moot, and, for example, the issuance of a classwide injunction to protect consumers remains perfectly appropriate under the UCL.

This Court should find that the District Court abused its discretion and remand with instructions that the District Court grant class certification or, in the alternative, allow for new briefing on class certification in light of this Court's reversal.

**B.** **There Is a Disputed Issue of Fact as to Whether Reasonable Consumers Were Deceived by the Olympia Beer Advertising**

Pabst advertised its Olympia beer as if it was exclusively brewed with water from the Olympia area of Washington State, when that was not true. Peacock alleges that this is likely to deceive a reasonable consumer. The trial in the District Court will be a bench trial and not a jury trial. Thus, the District Court (not a jury) will be deciding the ultimate facts.

"[T]he reasonable consumer standard requires a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016). Accordingly, the District Court will answer the following ultimate question at a non-jury trial: Are reasonable consumers likely to be deceived by

Defendant's Olympia beer advertising? *Freeman v. Time, Inc*., 68 F.3d 285, 289 (9th Cir. 1995).

There is substantial evidence upon which the District Court will decide the ultimate question, including Pabst's own testimony about the point and method of showing the label to consumers in the store on shelves, the "historical" references described by Pabst's own witness, and the labelling and marketing of the beer itself. This evidence creates a disputed issue of material fact for which summary judgment in favor of Pabst is not appropriate. Peacock's personal experience with the deceptive advertising, Pabst's own advertising, and Pabst's testimony regarding its own advertising should be credited with significant weight in the analysis as to whether a "reasonable consumer" would be deceived by Pabst's marketing campaign.

And contrary to what Pabst suggests, the District Court does not need permission the input of any expert to determine that reasonable consumers are likely to be deceived by Defendant's Olympia beer advertising. *Clemens v. DaimlerChrysler Corp*., 534 F.3d 1017, 1026 (9th Cir. 2008).

### C.    Peacock Does Not Lack Remedies Under the UCL

As stated above, because Pabst remains free to sell and deceptively advertise the Olympia brand at any time, the controversy is not moot, and, for example, the

issuance of an injunction to protect consumers remains perfectly appropriate under the UCL.

Moreover, Peacock is not limited to a "price-premium" based remedy in seeking restitution. Rather, pursuant to case-law construing the UCL, it is unequivocal that Peacock may also obtain disgorgement of Pabst's profits attributable to Peacock's purchases. *Aerojet Rocketdyne, Inc. v. Global Aerospace, Inc.*, No. 2:17-cv-01515-KJM-AC, 2020 WL 3893395, at *6 (E.D. Cal. July 10, 2020) ("disgorgement of profits is an available remedy for an individual private plaintiff under the UCL"); *see also Gilbert v. MoneyMutual, LLC*, Case No. 13-cv-01171-JSW, 2015 WL 12953231, at *4 (N.D. Cal. Aug. 24, 2015); *Trew v. Volvo Cars of N. Am., LLC*, Case No. CIV-S-051379-DFLPAN, 2006 WL 306904, at *3 (E.D. Cal. Feb. 8, 2006) ("if Volvo profited from class members who replace defective ETMs by purchasing new ones, then plaintiffs could recover that money from Volvo under a theory of restitution").

Finally, this lawsuit is not a mere "trifle." This is not an "episodic" or isolated instance of unlawful conduct that might support a *de minimis non curat lex* argument – rather, Pabst's conduct was systemic and entailed the deceptive marketing of a product to the general public, not just Peacock, for many years, and on a nationwide basis. Furthermore, Peacock's unrebutted testimony is that he purchased the product hundreds of times based on the false advertising. Money – not just time or

inconvenience – was exchanged and Pabst profited as a result. Accordingly, *de minimis non curat lex* does not apply, and Peacock is entitled to a restitutionary remedy as provided under the UCL. *See In re Google, Inc. Privacy Policy Litig.*, Case No. C-12-01382-PSG, 2013 WL 6248499, at *7 (N.D. Cal. Dec. 13, 2013) (more than *de minimis* injury established were illegal conduct was "systemic rather than episodic").

## VI. CONCLUSION

Peacock respectfully asks this Court to reverse the District Court's orders denying class certification and granting summary judgment in favor of Pabst, and to remand the case for further proceedings.

DATED: August 9, 2024             Respectfully submitted,

*/s/Cullin O'Brien*
Cullin O'Brien, Esq.
Cullin O'Brien Law, P.A.
6541 NE 21st Way
Ft. Lauderdale, FL 33308
cullin@cullinobrienlaw.com
Tel: (561) 676-6370
Fax: (561) 320-0285

[additional counsel on following page]

Jared H. Beck, Esq.
Elizabeth Lee Beck, Esq.
Beck & Lee Trial Lawyers
8306 Mills Dr., #248
Miami, FL 33183
jared@beckandlee.com
elizabeth@beckandlee.com
Tel:   (305) 234-2060
Fax:   (786) 664-3334

**Counsel for Appellant/Plaintiff**

# CERTIFICATE OF COMPLIANCE

**Type-Volume**. This document complies with the word limit of FRAP 32 because, excluding the parts of the document exempted by FRAP 32(f) and applicable rules, this document contains 2,998 words according to Microsoft Word word processing software. **Typeface and Type-Style**. This document complies with the typeface requirements of FRAP 32(a)(5) and the type-style requirements of FRAP 32(a)(6).

_s/Cullin O'Brien_
Cullin O'Brien, attorney for
Appellant/Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2024, 7 copies of the brief were dispatched

for delivery to the Clerk's Office of the United States Court of Appeals for the Ninth

Circuit by third-party commercial carrier for delivery at the following address:

Clerk of Court
U.S. Court of Appeals for the 9th Circuit
95 Seventh Street
San Francisco, CA 94103

On August 9, 2024, a copy of the brief as served on the following by CM/ECF

or in some other authorized manner for those counsel or parties who are not

authorized to receive electronic Notices of Electronic Filing.

*s/Cullin O'Brien*
Cullin O'Brien